UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
04/23/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| Chukwuma E. Azubuko, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-3856 (UNA) |
| ) | |
| Douglas Preston Woodlock *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff resides in Boston, Massachusetts. He has sued, among other individuals, United States District Judges Douglas Woodlock and Richard G. Sterns in the United States District Court for the District of Massachusetts and United States Attorney for the District of Massachusetts Andrew E. Lelling, in their official and individual capacities. *See* Compl.

1

Caption; Compl. Attachment 1.  In addition, plaintiff has sued the U.S. Department of Treasury. This lawsuit stems from "an alleged civil lawsuit against the Plaintiff," over which Judge Woodlock "roundly unlawfully presided."  Compl. at 1.  Plaintiff alleges that his "income tax for 2017 and 2018 had been garnished" and "[t]he necessary Defendants in/directly contributed to it."  *Id*. at 2.  In 2018, plaintiff filed a lawsuit in the District of Massachusetts that "was condemned to a miscellaneous docketing number" and "was dismissed without an issuance of summons."  *Id*.; *see* Compl. Attachments 1-3.  Plaintiff seeks an order from this Court to compel defendants "to refund . . . his two federal's income tax  . . . unlawfully vulturically garnished with reasonable interest in 2017 and 2018."  Compl. at 4.  He also seeks at least $50 million in compensatory and punitive damages.  *Id*. at 5.

This federal district court is not a reviewing court and thus lacks jurisdiction to review another court's decisions and order it to take any action.  *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *accord Atchison v. U.S. Dist. Courts*, 240 F. Supp. 3d 121, 126, n.6  (D.D.C. 2017) ("It is a well-established principle that a district court can neither review the decisions of its sister court nor compel it to act.").  Apart from the jurisdictional barrier, the judicial defendants enjoy absolute immunity since, as the attachments to the complaint show, this lawsuit is premised on their decisions rendered while presiding over plaintiff's civil case in their judicial district.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *see Miller v. Marriott Int'l LLC*, 378 F. Supp. 3d 1, 7 (D.D.C. 2019) (a judge's "issuance of an order . . . is a quintessential judicial act for which [the judge] enjoys absolute immunity"); *Caldwell v. Obama*, 6 F. Supp. 3d 31, 44 (D.D.C. 2013) ("The acts of assigning a

case, ruling on pretrial matters, and rendering a decision all fall within a judge's judicial capacity.") (citations and internal quotation marks omitted)).

As for the remaining individual defendants purportedly sued in their individual capacities, the complaint contains no factual allegations of misconduct nor facts about the parties' citizenship to consider diversity jurisdiction.  *See Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (it is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed").  Therefore, this case will be dismissed.  A separate order of dismissal accompanies this Memorandum Opinion.

Date: April 22, 2020

                                                                                    s/
AMY BERMAN JACKSON
United States District Judge